UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20038 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| STEPHANIE R. JONES | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Jones seeks a writ of error *coram nobis* to vacate the judgment of conviction on August 23, 2005.[1] Jones submits that she is entitled to relief based upon the discovery of new evidence that she alleges establishes that she received ineffective assistance of counsel. She also submits that this newly discovered evidence establishes that she was actually innocent of the crime of which she was convicted.

The writ of error *coram nobis* permits a party to obtain a review of a judgment by the same court which rendered it with respect to some error of fact affecting the validity and regularity of the judgment. The writ is used to obtain a review by the court of its own judgment as distinguished from a review by an appellate court. The writ lies to review a judgment for error of fact as distinguished from error of law. It does not lie for defenses available at the trial. It lies for error of fact not appearing on the face of the record, which fact was unknown to the court, and which, if it had been known, would have prevented the rendition and entry of the judgment. The court will not look into the cause of action on which the judgment was rendered, or consider any facts which were in issue

---

[1] A direct appeal was taken and the Judgment of this court was affirmed on March 5, 2007.

and adjudicated, or which might have been presented to the court, on the trial of the cause.[2] The unknown fact to authorize the writ must be of such a character as would, if known, disable the court from rendering the judgment.[3] In other words, the writ lies not for some unknown fact going to the merits of the cause, but for some unknown fact *going to the right of the court to proceed* (emphasis added), and which defeats the power of the court to attain a valid result in the proceeding. So, it has been held that the writ was originally established "to vacate or correct judgments obtained against minors, married women, slaves, deceased persons, or insane persons, or upon unauthorized appearance of counsel."[4] Fraud is not essential to the writ. And it is the peculiar function of the writ to bring to the attention of the court error not appearing on the face of the record.[5]

---

[2] *Townsend v. Boatmen's Nat. Bank*, 148 S.W.2d 85, 87 (Mo.App. Mar 04,1941) (No. 25600).

[3] A mistake in regard to the existence of a fact on which jurisdiction to proceed depends and which defect does not appear on the face of the record is ground for a writ of error coram nobis. CJS JUDGMENTS § 361; *K.E.A. v. T.A.A.*, 765 S.W.2d 389 (Mo. App. S.D., Feb 15, 1989) (No. 15569).

[4] *Townsend*, supra.

[5] *Townsend v. Boatmen's Nat. Bank, Id., citing Neenan v. City of St. Joseph*, 126 Mo. 89, 28 S.W. 963 (Mo., Dec 22, 1894); *Craig v. Smith*, 65 Mo. 536, 1877 WL 8741 (Mo., Oct. Term 1877); *State ex rel. Potter v. Riley*, 219 Mo. 667, 118 S.W. 64 (Mo., Apr 13, 1909); *Latshaw v. McNees*, 50 Mo. 381, 1872 WL 7943 (Mo. Jul Term 1872); *Ex parte Gray*, 77 Mo. 160, 1882 WL 10072 (Mo., Oct Term 1882); *Simms v. Thompson*, 291 Mo. 493, 236 S.W. 876 (Mo., Dec 30, 1921) (No. 22020); *State v. Stanley*, 225 Mo. 525, 120 S.W. 771, 125 S.W. 475 (Mo., Feb 12, 1910); *Graves v. Graves*, 255 Mo. 468, 164 S.W. 496 (Mo., Mar 03, 1914); *Ex parte Toney*, 11 Mo. 661, 1848 WL 4055 (Mo., Jul Term 1848); *State ex rel. Hudson v. Heinrich*, 14 Mo.App. 146, 1883 WL 9633 (Mo., Jun 12, 1883); *Dugan v. Scott*, 37 Mo.App. 663, 1889 WL 1946 (Mo. App., 1889); *City of Dearborn v. Gann*, 126 Mo.App. 638, 105 S.W. 14 (Mo. App., Nov 04, 1907).

Neither newly discovered evidence on the issues already heard and determined,[6] nor facts newly arising after judgment,[7] are ground for relief on error *coram nobis*.

A writ of error *coram nobis* is not a substitute for an appeal. It is an extraordinary remedy predicated on exceptional circumstances not apparent to the court in its original consideration of the case. In order to obtain relief, a petitioner must establish an error which was unknown to him at trial and during appeal and the error must be of such a fundamental nature as to render the proceeding itself irregular and invalid. Moreover, "the burden rests on the accused to show that the proceedings were incorrect."[8]

In the instant case, the court will accept the proposition that the asserted errors were not known to Jones either at her trial or during the course of her direct appeal. Jones has, however, failed to sustain the burden of showing that her case was affected by the alleged errors. Accordingly,

IT IS ORDERED that the Petition for a Writ of Error *Coram Nobis* IS DENIED.

Lake Charles, Louisiana, this 19 day of March, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] CJS JUDGMENTS § 361; *Cole v. Walker Fertilizer Co., for Use and Benefit of Walker*, 1 So.2d 864, 147 Fla. 1 (Fla., Apr 29, 1941); *Gibson v. Enright*, 37 P.2d 1017, 140 Kan. 700 (kan., Dec 08, 1934) (No. 31927); *Kings Lake Drainage Dist. v. Winkelmeyer*, 62 S.W.2d 1101, 228 Mo.App. 1102 (Mo. App., Sep 12, 1933) (No. 22494).

[7] CJS JUDGMENTS § 361; *Cole v. Walker Fertilizer Co. for Use and Benefit of Walker*, 1 So.2d 864, 147 Fla. 1.

[8] *U.S. v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L. Ed. 248 (U.S.N.Y., Jan 04, 1954); *Chapel v. U.S.*, 21 M.J. 687, 689 (ACMR, Dec 24,1985) (No. Misc 1985/7, CM 442719)..

3